**SPECTRA–PHYSICS, INC., Plaintiff,**

v.

**CHASE MANHATTAN BANK, N.A., et al., Defendants.**

**No. C–85–7943 RHS.**

United States District Court,
N.D. California.

Jan. 8, 1987.

Neil A. Goteiner, Dennis Aftergut, Farella, Braun & Martel, San Francisco, Cal., John J. Poggi, Jr., San Jose, Cal., for Spectra-Physics, Inc.

Richard A. Kramer, Michael D. Bergeisen, Steefel, Levitt & Weiss, San Francisco, Cal., for Citibank Intern.

Lawrence W. Jordan, Jr., J. Morrow Otis, Duane W. Dresser, Jordan, Keeler & Seligman, San Francisco, Cal., for Barclays Bank PLC.

Charles E. Patterson, Stephen S. Talt, Lillick, McHose & Charles, Los Angeles, Cal., for Morgan Guar. Intern. Bank.

Jack Elliott, Proskauer, Rose, Goetz, & Mendelsohn, Los Angeles, Cal., for European American.

James P. Barber, Hancock, Rothert & Bunshoft, San Francisco, Cal., William Lloyd, Sidley & Austin, Chicago, Ill., for Continental Illinois Nat. Bank.

George Duff, Legal Dept., Bank of America, San Francisco, Cal., for Bank of America.

Alexander Singleton, San Jose, Cal., for Eduardo Barrantes.

Daniel Wall, McCutchen, Doyle, Brown & Enersen, San Francisco, Cal., for Chase Manhattan Bank, N.A. and Chase Bank Intern.

John J. Bartko, John S. Lottier, Bartko, Welsh, Tarrant & Miller, San Francisco, Cal., for First Nat. Bank of Chicago.

## ORDER

SCHNACKE, District Judge.

### I. *Introduction*

On June 20, 1986 this Court took under submission the motions of: (a) third-party defendants, for reconsideration of an April 22, 1986 order; and (b) plaintiff Spectra-Physics, Inc. (hereinafter, "Spectra-Physics"), for modification of a March 19, 1986 order. In connection with the motion for reconsideration, supplemental briefs were filed, after June 20, 1986, by third-party defendants and defendant First National Bank of Chicago.

### II. *Motion for Reconsideration*

Certain defendant banks have filed third-party complaints—mainly for contribution and indemnity—against Spectra-Physics officers and directors. Third-party defendants, who were sued in prior state-court and federal-court actions, entered into a settlement in those prior civil actions.

In the action at bar, third-party defendants moved for a Cal.C.C.P. § 877.6 order: (a) determining that the settlement was made in good faith; and (b) barring defend-

ant banks from making any claims, against movants, for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault.

The aforementioned April 22, 1986 order: (a) denies that motion; and (b) states that Cal.C.C.P. § 877.6 has no application to the action at bar.

■ Of course, removal of this action to this Court was based on the action's being deemed to arise under the laws of the United States [see 12 U.S.C. § 632]. However, there apparently is no federal statute or federal regulation that this Court could use to decide any non-jurisdictional issue in this action, such as any issue raised by the motion for reconsideration. Defendant banks contend that this action, which involves foreign-exchange transactions, is governed by federal common law. This contention, though, is erroneous, because: (a) it does not appear that Congress has authorized federal courts to formulate federal common law in the area of foreign-exchange transactions; and (b) this action does not involve admiralty, interstate disputes, international disputes, rights of the United States, or obligations of the United States [see *Texas Industries, Inc. v. Radcliff Materials, Inc.*, 451 U.S. 630, 640–643, 101 S.Ct. 2061, 2066–2068, 68 L.Ed.2d 500 (1981)]. Furthermore, because defendant banks point to application of federal common law as the only alternative to applying California law—the law Spectra-Physics and third-party defendants contend should be applied in this action—the action is governed by California law.

■ Defendant banks contend that, even if California law generally governs this action, Cal.C.C.P. § 877.6 is not relevant here. However, that statute, which applies to federal-court actions, authorizes this Court to determine if the aforementioned settlement was made in good faith. This authorization exists even though the settlement was made: (a) in other actions [see *Owen v. U.S.*, 713 F.2d 1461, 1462–1468 (9th Cir.1983)]; and (b) before defendant banks were made parties to any relevant litigation. But defendant banks have a right to engage in limited discovery against movants, to elicit such evidence relevant to the determination, as to whether the settlement was made in good faith, as was available at the time of settlement, whether or not then actually presented [see *Singer Co. v. Superior Court*, 179 Cal. App.3d 875, 881–898, 225 Cal.Rptr. 159 (1986)].

Of course, in view of the April 22, 1986 order, defendant banks have had, until now, a reasonable basis for not exercising their right to engage in the limited discovery. And it does not appear that defendant banks have engaged in such discovery. Thus, the motion for reconsideration is hereby: (a) denied, on grounds of prematurity, to the extent the motion seeks a determination that the settlement was made in good faith, and seeks a bar on contribution and indemnity claims [see *Singer Co. v. Superior Court, supra* at 898, 225 Cal.Rptr. 159; *Rankin v. Curtis*, 183 Cal.App.3d 939, 947–948, 228 Cal.Rptr. 753 (1986)]; and (b) granted, to the extent the motion seeks vacation of the ruling that Cal.C.C.P. § 877.6 has no application to the action at bar.

The motion for reconsideration is not based on the proposition that any claims in defendant banks' third-party complaints are barred by determinations, in prior actions, that the settlement was made in good faith. Thus, this Court presently has no occasion to rule on such proposition [but see *Singer Co. v. Superior Court, supra*, 179 Cal.App.3d at 892–893, 225 Cal.Rptr. 159].

III. *Motion for Modification*

Among other things, the aforementioned March 19, 1986 order: (a) refers, to Magistrate Wayne Brazil, all discovery matters in this action; and (b) directs the parties to defer, until later, all discovery as to the effect on defendant banks of the transactions challenged by Spectra-Physics (including issues concerning the financial impact on defendant banks).

By its motion for modification, Spectra-Physics seeks the replacement of (b) by a reference, to Magistrate Brazil, of all dis-

covery matters pertaining to the area of inquiry in (b). In view of the passage of time since the filing of the motion for modification, the motion is hereby granted.

### IV. *Other Matters*

On Friday, February 6, 1987, at 11:00 a.m., there will be held in the action at bar: (a) a hearing on defendant banks' motion to strike Spectra-Physics' jury demand; and (b) another status conference.

On or before January 27, 1987: (a) all parties shall file a joint status conference report; or (b) Spectra-Physics and third-party defendants shall file and serve one status conference report, and all defendant banks shall file and serve a separate status conference report. Each status conference report shall address the matters mentioned in U.S.Dist.Ct., N.D.Cal., Local Rule 235–3(a)–(j).